IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCIS PALARDY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00626-SDJ-CAN |
| v. | § | |
| | § | |
| AT&T SERVICES, INC. ET AL., | § | |
| | § | |
| Defendants. | § | |

### AMENDED REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Experis US, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 48]. After reviewing the Motion to Dismiss, Plaintiff's Response [Dkt. 51], Defendant's Reply [Dkt. 52], and all other relevant filings, the Court recommends Defendant's Motion to Dismiss [Dkt. 48] be **GRANTED**, as set forth herein.

### BACKGROUND

On August 9, 2021, *pro se* Plaintiff Francis Palardy ("Plaintiff") initiated the instant action against Defendants Experis US, Inc. ("Defendant" or "Experis"), AT&T Services, Inc., and IBM [Dkt. 1]. Experis moved to dismiss Plaintiff's claims; and, on January 11, 2022, after having an opportunity to review the dismissal request, Plaintiff filed his Amended Complaint—the live pleading [Dkt. 46 at 24-25]. Plaintiff asserts claims against Experis for (1) failure to accommodate as required by 42 U.S.C. § 12112(b)(5); and (2) disability discrimination under 12 U.S.C. § 12112.

Plaintiff's Amended Complaint is disjointed; as best the Court can discern, this case stems from an employment dispute between the Parties. Plaintiff alleges he suffers from hearing loss and has a cochlear implant. He pleads "[w]ithout a properly functioning cochlear implant Plaintiff's hearing impairment substantially limits a major life of hearing" [Dkt. 46 at 24].

Experis is a staffing agency specializing in the recruitment of contingent workers with skills relating to information technology [Dkt. 48-1 at 3]. Experis placed Plaintiff in a position onsite with AT&T [Dkt. 46 at 3]. While working for AT&T, Plaintiff avers that he requested AT&T provide him accommodations at the worksite related to his trouble hearing, which were denied [Dkt. 46 at 4-7]. Plaintiff alleges he was terminated by AT&T because of his hearing loss [Dkt. 46 at 8]. Plaintiff may have also been considered, through Experis, for a position with IBM [Dkt. 46 at 7-8]. IBM gave Plaintiff a programming test over the phone [Dkt. 46 at 6-7]. Plaintiff had difficulty with the phone test [Dkt. 46 at 6-7]. Plaintiff alleges that subsequently, he requested accommodations in connection with any future tests or job opportunities [Dkt. 46 at 7]. Specifically, Plaintiff requested of Experis "that any future tests be by video conferencing. Plaintiff also wrote the Experis agent he has a cochlear implant, and the agent promised to pass this information to Defendant IBM" [Dkt. 46 at 7]. No further tests occurred or were scheduled after Plaintiff's request [Dkt. 46 at 7]. Plaintiff pleads Experis thereafter attempted to find him other job opportunities; "Plaintiff did receive a number of emails from Experis agents about jobs. Plaintiff said he was open but not willing to move again without a written contract" [Dkt. 46 at 23].

Plaintiff ultimately pursued charges of employment discrimination against each of AT&T, IBM, and Experis; he pleads that he filed these on September 2, 2019, and initiated the instant suit within 90 days of receiving his Notice of Right to Sue [Dkt. 46 at 24]. Plaintiff alleges Experis discriminated against Plaintiff by not providing accommodations for his disability, hearing loss, and further prevented compliance with disability law [Dkt. 46 at 25].

On January 19, 2022, Experis filed its [Second] Motion to Dismiss, seeking dismissal of Plaintiff's claims against Experis under Federal Rules of Civil Procedure 8 and 12(b)(6) [Dkt. 48].

Experis argues Plaintiff's Amended Complaint violates Rule 8; that it is "novel-like" and "rambling" and does not set forth any allegations that are "simple, concise, and direct." [Dkt. 48-1 at 4].  Experis also urges dismissal is appropriate under 12(b)(6) for failure to state a claim because Plaintiff fails to sufficiently plead that he is disabled; that he was subjected to an adverse employment action because of his alleged disability; or that Experis denied him reasonable accommodations [Dkt. 48-1].

<strong>APPLICABLE LEGAL STANDARD</strong>

*Rule 8*

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "and that each averment be 'concise, and direct.'"  FED. R. CIV. P. 8(e)(1); *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 818 (5th Cir. 2020).  "Although a complaint need not contain detailed factual allegations, the 'showing' contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action." *Strickland*, 838 F. App'x at 818 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Indeed, "[a] complaint survives a motion to dismiss only if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021) (citing *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018)).

*Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss argues that the complaint fails to assert facts that give rise to legal liability of the defendant.  *See* FED. R. CIV. P. 12(b)(6).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alterations in original) (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Id.* Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citing *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. [1]

---

[1] "[T]he Court [is] mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them." *McCastle v. United State*s, No. 4:15CV420, 2016 WL 7496170, at *3 (E.D. Tex. Nov. 15, 2016) (Priest-Johnson, J.), *report and recommendation adopted*, No. 4:15-CV-420, 2016 WL

## ANALYSIS[2]

Title I of the ADA, 42 U.S.C. § 12112(a), prohibits discrimination against an employee on the basis of physical or mental disability and requires an employer to make reasonable accommodations necessary to allow an employee with a disability to perform the essential functions of her job unless the accommodation would impose an undue hardship on the employer. Section 12112(a) of the ADA provides that no covered entity shall "discriminate" against a qualified individual with a disability because of the disability of such an individual in regard to, inter alia, "the hiring, advancement, or discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

To reiterate, Experis argues Plaintiff's claims against it should be dismissed under Rule 12(b)(6) because he does not allege that he is disabled within the meaning of the Act; that Experis treated him adversely because of his disability; or that Experis failed to provide him a reasonable accommodation [Dkt. 48-1 at 1].

### *Plaintiff Has Sufficiently Alleged a Disability*

A prima facie case of disability discrimination requires a plaintiff establish that "(1) []he suffers from a disability or is regarded as disabled; (2) []he is qualified for the job despite the disability; (3) []he was subjected to an adverse employment action due to h[is] disability; and (4) []he was replaced by a non-disabled person or treated less favorably than non-disabled employees." *Brown v. Remy Co.*, No. 4:21-cv-395, 2022 WL 992696, at *4 (E.D. Tex. Mar. 31,

---

7626595 (E.D. Tex. Dec. 30, 2016) (Mazzant, J.) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)); *Tassio v. Onemain Fin., Inc.*, No. 4:15-CV-00484, 2016 WL 410024, at *1 (E.D. Tex. Feb. 3, 2016)). "Indeed, 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal citations omitted)). "Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims." *Id.* (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)).

[2] Plaintiff's claims against Experis are subject to dismissal under Rule 12(b)(6); thus, the Court does not substantively address Defendant's arguments that Plaintiff's Amended Complaint violates Rule 8.

2022) (quoting *Milton v. Tex. Dep't of Crim. Just.*, 707 F.3d 570, 573 (5th Cir. 2013)); *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1184 (E.D. Tex. 2011) (citing *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000)) ("[T]o establish a prima facie case of discrimination based on disability under the ADA, a plaintiff must show that: (1) he suffers from a disability; (2) he is qualified for the job despite the disability; (3) he was subjected to an adverse employment action due to the disability; and (4) he was treated less favorably than non-disabled employees."). A "disability" is defined under the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). The EEOC has issued detailed regulations regarding the definition of "disability" under the ADA:

> Physical or mental impairment means—
> (1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine.

29 C.F.R. § 1630.2(h).

> The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. ' Substantially limits' is not meant to be a demanding standard. ... An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."

§ 1630.2(j). Major life activities include, but are not limited to:

> Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working....

§ 1630.2(i). "Substantially limits' is not meant to be a demanding standard." § 1630.2(j). Relevant here, the EEOC regulations provide:

> [A]pplying the principles set forth in paragraphs (j)(1)(i) through (ix) of this section, it should easily be concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated: *Deafness substantially limits hearing* ...

§ 1630.2(j)(3)(iii) (emphasis added). Plaintiff has alleged he is deaf or, at a minimum, suffers from hearing loss [Dkt. 46 at 24]. Experis advances that Plaintiff's live pleading concedes his hearing loss does not meet the definition of disability because he has a properly functioning cochlear implant [Dkt. 48-1 at 6]. In support of this argument, Experis cites:

> 69. At all relevant times Plaintiff has been a qualified individual with a disability, hearing impairment, and is covered by Tide I of the ADA, as amended, 42 U.S.C. § 12101 et seq. Plaintiff has a cochlear implant, a device that is only provided to people with profound hearing loss, that works properly. *Without a properly functioning cochlear implant Plaintiff's hearing impairment substantially limits a major life of hearing*.

[Dkt. 46 at 24 (emphasis added)]. However, "[t]he determination of whether an impairment substantially limits a major life activity shall be made *without regard to the ameliorative effects of mitigating measures*." 29 C.F.R. § 1630.2(j)(vi) (emphasis added). Hearing aids and cochlear implants are expressly defined as mitigating measures that are to be ignored under the regulations when assessing whether an impairment substantially limits a person's major life activities. § 1630.2(j)(5)(i) ("Mitigating measure include, but are not limited to … hearing aid(s) and cochlear implant(s)").[3] The Court may not consider the ameliorative effects of Plaintiff's cochlear

---

[3] Previously the ADA was construed as providing that an employee is not disabled if his impairment is corrected by a mitigating measure to the point where it does not substantially limit a major life activity (e.g., by insulin given to a diabetic) and that an impairment rises to the level of a disability only if its impact is "permanent or long term." *See Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999) (requiring a court to take into account the ameliorative effects of mitigating measures in determining whether there was a disability); *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184 (2002) (narrowly construing and strictly interpreting the term "disability."). However, these cases were abrogated by the ADA Amendments Act of 2008 ("ADAAA"). Louis P. DiLorenzo, *The Intersection of the FMLA*

implant in determining whether he is disabled. *See Garcia v. City of Amarillo, Tex.,* 2:18-CV-95-Z-BR, 2020 WL 4208060, at *8 (N.D. Tex. July 22, 2022) (declining to consider plaintiff's hearing aid in determining whether his hearing impairment substantially limits a major life activity); *see also Colbert v. Harris Co. Juv. Probation*, No. H-13-2770, 2014 WL 7404042, at *1, *4 (S.D. Tex. Dec. 30, 2014) (no dispute that plaintiff was disabled within the meaning of the Act where her "ability to communicate [was] impaired without mitigating measures such as hearing aids."); *see also McGriff v. Beavercreek City Sch. Dist.*, No. 3:18-cv-372, 2021 WL 2401921, at *8 (S.D. Ohio June 11, 2021) (citing 42 U.S.C. § 12102(4)(E)(i)) (rejecting defendant's argument that because plaintiff "can fully compensate for hearing deficiency with the use of hearing aids," her hearing loss does not substantially limit her; "hearing aids are not to be considered when determining whether an impairment 'substantially limits a major life activity.'"); *see also EEOC v. MJC*, 400 F. Supp. 3d 1023, 1031 (D. Haw. 2019) (did not consider deaf plaintiff's cochlear implant in determining that "his deafness qualifies as a physical impairment to his ability to hear."). Plaintiff's claims should not be dismissed under Rule 12(b)(6) for failure to plead a disability. *See Franklin v. City of Slidell*, 936 F. Supp. 691, 709 (E.D. La. 2013) ("Considering that Congress has clearly indicated that the threshold question of whether an individual's impairment constitutes a disability should not demand extensive analysis … the Court finds that Plaintiff has adequately pleaded that he is disabled within the meaning of the ADA.").

### *Plaintiff Fails to Plead Adverse Employment Action*

Experis next advances that Plaintiff fails to plead any adverse employment action by Experis, the third element in Plaintiff's disability discrimination claim. Plaintiff urges, in his

---

*and ADA–As Modified by NDAA, ADAAA and GINA*, 860 PLI/Lit 47, 8384 (June 23, 2011) ("The ADAAA is principally aimed at reversing Supreme Court precedent perceived as improperly narrowing the scope of protection originally intended by drafters of the ADA.").

Response, that Experis took adverse action because it failed to consider Plaintiff for other positions and "terminated" his employment [Dkts. 46 at 24; 51 at 3].[4]

"A staffing agency is liable for the discriminatory conduct of its joint-employer client if it participates in the discrimination, or if it knows or should have known of the client's discrimination but fails to take corrective measures within its control." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 229 (5th Cir. 2015). Dismissal under Rule 12(b)(6) is appropriate where a plaintiff fails to allege that a staffing agency participated in the discrimination or knew or should have known about it. *See e.g., High v. City of Wylie*, No. 4:18-CV-364, 2019 WL 3557238, at *5 (E.D. Tex. Aug. 5, 2019) (dismissing employment claim against staffing agency because "there [were] no factual allegations that [the agency] participated in the alleged discrimination or knew or should have known about" it); *Canon v. Bd. of Trs. of State Inst. of Higher Learning of Miss.*, 133 F. Supp. 3d 865, 874 (S.D. Miss. 2015) (dismissing employment discrimination claims against staffing agency, in part, because "there [was] no allegation or basis for an allegation that [the agency] had any involvement in the employment decisions at issue in th[e] case").

Plaintiff's live pleading does not plead any factual allegations that Experis, "a staffing agency specializing in recruiting contingent workers relating to information technology," terminated him from any position, participated in any other adverse employment action, or

---

[4] These allegations contained in Plaintiff's Response are belied by his live pleading; Plaintiff's Response attempts to advance that, as the staffing agency who placed Plaintiff with Defendant AT&T, Defendant Experis "needed to make their own decision about termination" and that Experis could have kept him under contract, continued to pay him a wage, and found him another job, even if AT&T let him go [Dkt. 51 at 3]. "This does not alter the fact that [Plaintiff's] Amended Complaint, the live pleading in this matter … does not contain sufficient allegations to impute the described allegedly discriminatory conduct to [Experis]." *West v. ABM Indus.*, No. 3:19-cv-02822-X0BT, 2020 WL 5752935, at *4 (N.D. Tex. Aug. 17, 2020), *report and recommendation adopted*, No. 3:19-CV-2822-X-BT, 2020 WL 5748817 (N.D. Tex. Sept. 25, 2020). Indeed, Plaintiff is constrained by his live pleading, which he has already once had an opportunity to amend. *See Calvin v. Harrington*, 3:19-CV-02294-G-BT, 2021 WL 932051, at *6 (N.D. Tex. Feb. 22, 2021), *report and recommendation adopted*, NO. 3:19-cv-2294-G(BT), 2021 WL 929103 (N.D. Tex. Mar. 11, 2021); *see also McDavid v. Hous. Indep. Sch. Dist.*, H-21-993, 2021WL 4555241, at *7 (S.D. Tex. Oct. 5, 2021) ("[Plaintiff] cannot use a response to a motion to dismiss as a backdoor to add allegations that she did not plead in her amended complaint.").

participated in or knew of any alleged discrimination by AT&T or IBM [Dkt. 48-1 at 4 n.1]. Indeed, to the contrary, Plaintiff expressly alleges AT&T terminated his employment, not Experis. Plaintiff's allegations detailing alleged discriminatory conduct reference AT&T Manager McEnroe [Dkt. 46]. Plaintiff's allegations do not permit the Court to draw a reasonable inference that Experis is liable for any alleged misconduct of AT&T (or IBM). Stated differently, his Amended Complaint is devoid of any allegations that would impute the described conduct to Experis. *West*, 2020 WL 5752935, at *3-4 (granting staffing agency's 12(b)(6) motion to dismiss *pro se* plaintiff's claims because "his Amended Complaint describes the allegedly discriminatory conduct as occurring on-the-job and at the hands of [the joint-employer client]"). Plaintiff's Amended Complaint also makes clear that subsequently he "did receive a number of emails from Experis agents about jobs," which Plaintiff turned down because he did not want to move without a written contract [Dkt. 46 at 23]. There is simply no adverse action alleged to have been taken by Experis due to his disability—dismissal of Plaintiff's ADA disability discrimination claim against Experis is warranted because "[t]he Amended Complaint lacks sufficient factual matter for the court to infer that [Plaintiff] can plausibly recover against [Experis]." *West*, 2020 WL 5752935, at *4; *see also Parker v. Dezzi*, No. 8:21-cv-1459-TPB-SPF, 2021 WL 5395958, at *3 (M.D. Fla. Nov. 18, 2021) (dismissing ADA disability claim for failing to show that defendant took adverse employment action against plaintiff "because of his disability."); *see also Estes v. Town*, No. 3:17-CV-1968-K-BK, 2018 WL 1157787, at *2 (N.D. Tex. Feb. 7, 2018) (dismissing Title VII action after *pro se* plaintiff amended her complaint still failed to "plead facts that plausibly allege that she suffered an adverse employment action because of her [protected status]"), *report and recommendation adopted*, No. 3:17-CV-1968-K, 2018 WL 1122204 (N.D. Tex. Mar. 1, 2018).

*Failure to Accommodate*

Lastly, Experis seeks dismissal of Plaintiff's failure to accommodate claim on the basis that Plaintiff cannot show that Experis denied him accommodations. The Court agrees. "[A] plaintiff must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) (quoting *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013)). "[I]t is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one." *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 165 (5th Cir. 1996) (citing 29 C.F.R. § 1630.9 ("It is the responsibility of the individual with the disability to inform the employer that an accommodation is needed.")). Stated differently, "[e]mployees who require accommodation due to a disability are responsible for requesting a reasonable accommodation." *Acker v. GM, L.L.C.*, 853 F.3d 784, 791 (5th Cir. 2017) (citing *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216 (5th Cir. 2011)). "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Taylor*, 93 F.3d at 165.

Plaintiff provides the following explanation of his failure to accommodate claim against Experis in his Amended Complaint:

> Plaintiff requested to Defendant Experis that any *future* tests be by video conferencing. Plaintiff also wrote the Experis agent he has a cochlear implant, and the agent promised to pass this information to Defendant IBM. The Experis agent suggested Plaintiff be sure to turn the implant on for the next test, but IBM did not test him again. Defendant Experis has claimed they did not know Plaintiff had a disability, but they did. The ADA provides rules regarding how employers can use accommodations information. Experis should have been careful about sharing this information with Defendant IBM before they hired him. Employers are allowed to

> ask for more details after hiring, but neither Defendant IBM or Experis did. After Plaintiff was hired Defendants Experis and IBM had obligations to make sure accommodations were provided.

[Dkt. 46 at 7 (emphasis added)].  Importantly, no other tests occurred. Plaintiff tacitly acknowledges in his live pleading that he never asked Experis for any accommodation prior to this event.  Plaintiff does not plead any other accommodations were requested nor that any requested accommodations were ever denied by Experis.  Further to this point, Plaintiff acknowledges Experis continued to send him employment opportunities after he requested accommodations and there are no allegations that, after he did make a request for accommodations, Experis would not have accommodated him in the future [Dkt. 46 at 7, 23]. More succinctly, Plaintiff offers no factual allegations that (1) he requested accommodations from Experis for the initial test with IBM [Dkt. 46 at 6] or (2) that after a request was made Experis denied any request for accommodations.  *See Manson v. Careington, Int'l Corp.,* NO. 4:20-CV-00916, 2021 WL 3912536, at *5 (E.D. Tex. Aug. 6, 2021) (granting defendant's 12(b)(6) motion to dismiss plaintiff's failure to accommodate claim where "Plaintiff has not pleaded that she informed Defendant of the reasonable accommodations she would require because of her 'love/sex addiction'"), *report and recommendation adopted*, NO. 4:20-CV-916, 2021 WL 3884252 (E.D. Tex. Aug. 31, 2021); *see also Lewis v. Williamson Cnty.*, No. 1:21-cv-00074, 2021 WL 5167338, at *7 (W.D. Tex. Nov. 5, 2021) (dismissing plaintiff's Title II ADA claim because plaintiff failed to allege request for accommodations and the necessary accommodations were not obvious); *see also Mesa v. City of San Antonio*, No. CV SA-17-CA-654-XR, 2017 WL 5924263, at *4 (W.D. Tex. Nov. 29, 2017) (dismissing plaintiff's claim at the summary judgment stage for failure to accommodate under the ADA where plaintiff did not "allege any facts indicating that he requested an accommodation or that a reasonable accommodation was denied.").  Plaintiff's claim for failure to accommodate should be dismissed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Experis US, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 48] be **GRANTED**. Plaintiff's claims against Defendant should be **DISMISSED** with prejudice.[5]

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 12th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[5] The initial Report and Recommendation inadvertently, and incorrectly, concluded by recommending dismissal of Plaintiff's claims against Experis *without* prejudice, as opposed to *with* prejudice [Dkt.60 at 13]. This Amended Report and Recommendation is issued solely to correct this error; save and except for this correction to the final page of the report, this Amended Report is identical to the initial Report. *See Gray v. Wichita Cnty. Sheriff's Dep't*, No. 7:19-cv-00078, 2020 WL 8188198, at *2 (N.D. Tex. Dec. 22, 2020) (citing *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999)) (dismissing *pro se* plaintiff's ADA claim with prejudice where he had already amended his complaint), *report and recommendation adopted*, No. 7:19-cv-00078, 2021 WL 184418 (N.D. Tex. Jan. 19, 2021).